IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 86-cr-00197-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. JEREMIAH CUSHON,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Jeremiah Cushon's Letter [Docket No. 2], which the Court construes as a motion for compassionate release, and Mr. Cushon's Petition for Reconsideration [Docket No. 6].  The government filed a response.  Docket No. 8.

    I.    **BACKGROUND**

On July 21, 1986, a grand jury returned an Indictment charging Mr. Cushon with one count of violating 18 U.S.C. §§ 2113(a) and (d) (Count I); one count of violating 18 U.S.C. § 371 (Count II); and one count of violating 18 U.S.C. § 924(c) (Count III). Docket No. 1 at 119-120.  The Indictment alleged that Mr. Cushon and his co-defendant used a firearm to rob a Federal Credit Union in Denver, Colorado on June 23, 1986.  *Id*. at 119.  Mr. Cushon plead guilty to Count I of the Indictment.  *Id*. at 62-69.  On January 5, 1987, Judge Sherman Finesilver sentenced Mr. Cushon to fifteen years imprisonment for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d).  *Id*. at 58.  On the

same day, Mr. Cushon was sentenced in another case in the United States District Court for the District of Colorado, Case No. 86-cr-00313, to fifteen years imprisonment for a different bank robbery. *Id*. at 13. The federal sentences were ordered to run consecutive to each other and consecutive to any sentence that may be imposed in the district court for El Paso County, Colorado, Case No. 86CR1946. *Id*.

Mr. Cushon states that, on March 30, 1987, the state court sentenced him to a term of life in prison. *Id*. Mr. Cushon asserts that, on January 24, 2022, the State of Colorado granted him "special needs parole" under Colo. Rev. Stat. § 17-22.5-403(6). Docket No. 2 at 1-2. Mr. Cushon then began serving his federal sentence. *See id.* at 1.

## II.     ANALYSIS

Mr. Cushon seeks compassionate release pursuant to the First Step Act. *Id*. Mr. Cushon argues that compelling and extraordinary circumstances exist for the federal government to release him, including his age, length of time served, and his spotless disciplinary record. *Id*. at 2-3. Mr. Cushon states that he is seventy years old and has been incarcerated for thirty-seven years. *Id*. at 2. Mr. Cushon filed a letter from Warden M. Starr of the Florence Federal Correctional Institution, dated January 19, 2023, in which Warden Starr denied Mr. Cushon's request for compassionate release. Docket No. 6-1.

The government opposes Mr. Cushon's motion for compassionate release. Docket No. 8. The government argues that Mr. Cushon cannot personally move for compassionate release pursuant to 18 U.S.C. § 3582(c) because that provision only allows prisoners who offended on or after November 1, 1987 to move for compassionate release. *Id*. at 1, 3-5. The government argues that Mr. Cushon can

only gain compassionate release if the Bureau of Prisons ("BOP") requests it on his behalf under 18 U.S.C. § 4205(g). *Id*. Mr. Cushon did not reply to the government's arguments.

A court may not modify a term of imprisonment once it has been imposed, except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824 (2010); *see also* 18 U.S.C. § 3582(c). The compassionate release provisions provide jurisdiction for a Court to alter a sentence. *See* 18 U.S.C. § 3582(c)(1); 18 U.S.C. § 4205(g). "From 1976 to 1984, § 4205(g) defined the procedures through which inmates could gain compassionate release." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022). Under § 4205(g), only the BOP could move for compassionate release on behalf of a prisoner. *See* 18 U.S.C. § 4205(g) ("At any time upon *motion of the Bureau of Prisons*, the court may reduce any minimum term to the time the defendant has served.") (emphasis added). The Sentencing Reform Act ("SRA") repealed § 4205(g) in 1984, replacing it with 18 U.S.C. § 3582(c)(1), effective on November 1, 1987. *King*, 24 F.4th at 1229 (citing SRA § 227). The SRA provided that its provisions "shall apply only to offenses committed after the taking effect of this chapter." Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987); *see also King*, 24 F.4th at 1229. The First Step Act of 2018 ("FSA") modified § 3582(c)(1) to allow a prisoner to directly file a motion for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5239 (2018); 18 U.S.C. § 3582(c)(1)(A) (a court may grant a sentence reduction "upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights*.") (emphasis added).

3

Numerous appellate courts, interpreting the relevant statutory history, have held that prisoners whose crimes predate November 1, 1987 cannot personally move for compassionate release under § 3582(c)(1), but instead are subject to the compassionate release provision in § 4205(g).  *See, e.g., King*, 24 F.4th at 1228-32 (holding that "the statutory scheme governing compassionate release procedures is unmistakably clear that prisoners who offended before November 1, 1987, cannot personally move for compassionate release under § 3582(c)(1)" and these prisoners "can gain compassionate release only if the Bureau of Prisons requests it on the prisoner's behalf under 18 U.S.C. § 4205(g)"); *United States v. Jackson*, 991 F.3d 851, 854 (7th Cir. 2021); *United States v. Borelli*, 2022 WL 6831650, at *1 (2d Cir. Oct. 12, 2022) (unpublished); *United States v. Rivera-Rios*, 2022 WL 14206094, at *2 (2d Cir. Oct. 25, 2022) (unpublished); *United States v. Matta-Ballesteros*, 843 F. App'x 892, 893 (9th Cir. 2021) (unpublished).  The Tenth Circuit has not directly addressed this issue, but has acknowledged in an unpublished decision that, "Section 4205(g) applies only to offenses that occurred before November 1, 1987."  *United States v. Valenzuela*, 2023 WL 3944868, at *1 n.3 (10th Cir. June 12, 2023) (unpublished).

District courts have overwhelmingly concluded that 18 U.S.C. § 3582(c)(1) does not apply to prisoners who committed offenses before November 1, 1987.  *See, e.g., United States v. MacDonald,* 533 F. Supp. 3d 285, 289 (E.D.N.C. 2021); *United States v. Shakur*, 2022 WL 3910581, at *5 (S.D.N.Y. Aug. 31, 2022); *United States v. Budd*, 2021 WL 3857948, at *2 (D. Md. Aug. 30, 2021); *United States v. Faul*, 2021 WL 965311, at *3 (D.N.D. Mar. 15, 2021); *United States v. Woolum*, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020); *United States v. Scarbrough*, 2019 WL 2482710, at *2

(N.D. Ind. June 14, 2019); *United States v. Whitmore*, 2020 WL 4226515, at *6-7 (N.D. Cal. July 23, 2020); *United States v. Joseph*, 2022 WL 1909096, at *2 (S.D. Fla. June 3, 2022); *United States v. Hughes*, 2021 WL 5324907, at *4 (D. Ariz. Nov. 16, 2021). Furthermore, federal regulations provide that 18 U.S.C. § 4205(g) "remains the controlling law for inmates whose offenses occurred prior to" November 1, 1987, and that "[f]or inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. [§] 3582(c)(1)(A)." 28 C.F.R. § 572.40.

The Court agrees with the analysis of the Second Circuit, Seventh Circuit, Ninth Circuit, and the majority of district courts that prisoners who committed offenses prior to November 1, 1987 are subject to the compassionate release provision in 18 U.S.C. § 4205(g), rather than 18 U.S.C. § 3582(c)(1). Mr. Cushon's offense in this case occurred on June 23, 1986. Docket No. 1 at 119. Therefore, he can only obtain compassionate release upon motion of the Bureau of Prisons pursuant to 18 U.S.C. § 4205(g). The BOP has not requested compassionate release on behalf of Mr. Cushon. The Court therefore lacks jurisdiction to consider Mr. Cushon's motion under § 3582(c)(1). Accordingly, the Court denies Mr. Cushon's motion for compassionate release.[1]

---

[1] Mr. Cushon also filed a petition for reconsideration asking the Court to reconsider its "recent decision denying Petitioner's pro se filing for Compassionate Release" and providing evidence that he exhausted administrative remedies. Docket No. 6 at 1. This motion is directed to Mr. Cushon's other federal case, 18-cr-00313-RM. *See id*. Mr. Cushon filed a motion for compassionate release in Case No. 18-cr-00313-RM and Judge Moore denied that motion due to Mr. Cushon's failure to exhaust administrative remedies. *United States of America v. Cushon*, 18-cr-00313-RM, Docket No. 4. The Court therefore denies the motion as moot.

## III.     CONCLUSION

It is therefore

**ORDERED** that Jeremiah Cushon's Letter [Docket No. 2], construed as a motion for compassionate release, is **DENIED for lack of jurisdiction**.  It is further

**ORDERED** that Mr. Cushon's Petition for Reconsideration [Docket No. 6] is **DENIED as moot**.

DATED June 27, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge